# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LIFT-ALL COMPANY, INC.

**(b)** County of Residence of First Listed Plaintiff    Lancaster County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

M. Kelly Tillery, Esq.
Saxton & Stump, 280 Granite Run Dr.,
Lancaster, PA 17601 (717)556-1000

## DEFENDANTS

CARLSEN - LAKE, INC., F/K/A
"F.D. LAKE COMPANY"

County of Residence of First Listed Defendant    Kent Co. (Michigan)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [X] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability   [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &    Pharmaceutical Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   [ ] 368 Asbestos Personal [ ] 340 Marine    Injury Product [ ] 345 Marine Product    Liability | | [ ] 835 Patent - Abbreviated New Drug Application [X] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | Injury   [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | Exchange |
| | [ ] 362 Personal Injury -    Product Liability Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions [ ] 891 Agricultural Acts |
| **REAL PROPERTY**    **CIVIL RIGHTS**    **PRISONER PETITIONS** | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation   [ ] 440 Other Civil Rights   **Habeas Corpus:** | | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure   [ ] 441 Voting   [ ] 463 Alien Detainee | | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment   [ ] 442 Employment   [ ] 510 Motions to Vacate | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 240 Torts to Land   [ ] 443 Housing/    Sentence | | | [ ] 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| [ ] 245 Tort Product Liability    Accommodations   [ ] 530 General | | | | [ ] 950 Constitutionality of |
| [ ] 290 All Other Real Property   [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | | **IMMIGRATION** | | State Statutes |
| Employment   **Other:** | | [ ] 462 Naturalization Application | | |
| [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other | | [ ] 465 Other Immigration Actions | | |
| Other   [ ] 550 Civil Rights | | | | |
| [ ] 448 Education   [ ] 555 Prison Condition | | | | |
| [ ] 560 Civil Detainee - Conditions of Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Sect. 1114; 15 U.S.C. Sect. 1125(a)

Brief description of cause:
Trademark Infringement-False Designation/Description/Counterfeiting/Unfair Competition

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   8/07/2026

SIGNATURE OF ATTORNEY OF RECORD   /s/ M. Kelly Tillery

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Landisville, Pennsylvania_

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☒ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA**

| | |
|---|---|
| LIFT-ALL COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CARLSEN - LAKE, INC., F/K/A "F.D. LAKE COMPANY," <br><br> Defendants. | Case No.: xxx <br><br> JURY TRIAL DEMANDED <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING AND UNFAIR COMPETITION** |

Plaintiff LIFT-ALL COMPANY, INC. ("Plaintiff"), through its undersigned attorneys, brings this action against Defendant, CARLSEN – LAKE, INC., ("Defendant"), and in support therefore avers as follows:

**INTRODUCTION**

1. This is an action at law and in equity for Trademark Infringement, Trademark Counterfeiting and Unfair Competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*.

("Lanham Act").

2. Defendant, a Michigan Corporation, is using/has used as a trademark **TUFLEX**, ("INFRINGING MARK") in the marketing, advertising, promotion, offer and sale of goods that is identical in sound, appearance, commercial impression, and connotation to the Federally Registered Trademark owned by Plaintiff, **TUFLEX®**, covered by U.S. Trademark Reg. No. 1183007 (Exhibit "A"). Defendant's use of the Trademark is without authorization or approval of Plaintiff-Trademark Owner, as the Defendant is *not* affiliated with, or authorized by, Plaintiff. Defendant's use of a similar, related and/or identical trademark, is thus likely to cause confusion and to deceive consumers and the public regarding the source of the goods to which they are affixed.

1

**THE PARTIES**

3.      Plaintiff is a Pennsylvania Corporation and has a principal place of business at 1909 McFarland Drive, Landisville, Pennsylvania 17538-1810.

4.      Defendant is a Michigan Corporation incorporated at 660 Cascade West Parkway SE, Suite 105, Grand Rapids, Michigan 49546, and has a principal place of business at 3313 Lousma Drive SE, Grand Rapids, Michigan 49548.

5.      Defendant, F/K/A F.D. LAKE COMPANY, filed a Certificate of Amendment to the Articles of Incorporation (Exhibit "E") on 07/02/2026 to change their corporate name to CARLSEN – LAKE INC.

**JURISDICTION AND VENUE**

6.      Venue is proper in this District under 28 U.S.C. § 139l(b) and (c) and because Defendant conducts substantial business in and is subject to personal jurisdiction in this District.

7.      These claims arise under the Federal Trademark Act of 1946 as amended, 15 U.S.C. § 1051, *et seq*. (1994) (the Lanham Act).

8.      This Court has subject matter jurisdiction over Plaintiff's Lanham Act Claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(b).

9.      This Court also has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the laws of the United States.

10.     This Court has personal jurisdiction over Defendant because Defendant has offered and sold goods under the Infringing Trademark within the State of Pennsylvania.

**RELEVANT FACTS**

11.     Since its incorporation in 1964, Plaintiff is and has been engaged in the development, manufacture, distribution, marketing, and sale of a variety of consumer products throughout the United States and the world.

12.     At all times material hereto, Plaintiff has manufactured a product under the Federally Registered Trademark **TUFLEX®**.

13.     Plaintiff is the owner by way of exclusive and continued use throughout the United States, since at least as early as December 21, 1979, of the Federally Registered Trademark **TUFLEX®**, covering consumer goods related to "hoisting slings composed of encased continuous-filament strand material."

14.     Due to the high quality of its products and its substantial advertising, promotional, and sales efforts, using the brand name and Federally Registered Trademark **TUFLEX®** Plaintiff has achieved nationwide consumer acceptance and notoriety for its consumer products including **TUFLEX®**, of the highest quality and prestige.

15.     Plaintiff has spent substantial sums of money to advertise, publicize, and promote **TUFLEX®** for the rendering of its services related to sales and distribution of its proprietary product.

16.     Plaintiff under the Federally Registered Trademark **TUFLEX®**, has sold its products identified as **TUFLEX®** in substantial quantities in this Judicial District and throughout the United States.

17.     By virtue of Plaintiff's extensive use of its **TUFLEX®** mark, Plaintiff's product and services have become so well known to the trade and purchasing public that said products and services are recognized as being produced by, emanating from, and/or being associated with Plaintiff or **TUFLEX®**.

18.     Plaintiff owns valuable goodwill which is symbolized by its **TUFLEX®** mark, and, as a result, the use of said mark, substantially increases the salability of its product.

19.     Plaintiff has used and will continue to use the **TUFLEX®** Federally Registered Trademark in interstate commerce in connection with the marketing, promotion, advertisement,

3

offer and rendering of goods.

20.    Upon information and belief, Defendant began manufacturing, advertising, distributing, and selling its own Counterfeit Product of **TUFLEX**, at some time within the last year.

21.    Defendant markets this product under the identical brand name **TUFLEX**.

22.    Upon information and belief, Defendant used and is now using Plaintiff's **TUFLEX®** mark in this District and elsewhere in interstate commerce in connection with the sale of such consumer products without the consent or authorization of Plaintiff.

23.    Defendant's use of the **TUFLEX** Trademark infringes upon Plaintiff's rights to the **TUFLEX®** Federally Registered Trademark by marketing, promoting, advertising, offering, and rendering similar and/or identical goods using the mark. The use of the aforementioned mark by Defendant is confusingly similar to Plaintiff's Registered **TUFLEX®** Trademark.

24.    Defendant has intentionally continued to use the identical Trademark with the intent of misleading the public into believing that there remains some form of connection between Defendant and Plaintiff and/or that Defendant is authorized to use Plaintiff's Trademark.

25.    The activities of Defendant complained of herein were and are done intentionally, willfully, with knowledge that such conduct was and is in direct contravention of Plaintiff's rights in and to the **TUFLEX®** Federally Registered Trademark, and were and are likely to confuse, mislead, and deceive purchasers and members of the public.

26.    Defendant's infringement of Plaintiff's Trademark Rights, Counterfeiting acts and Unfair Competition entitles Plaintiff to damages and an injunction against continued

4

Infringement/Counterfeiting.

27.    Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's U.S. Trademark Reg. No. 1183007.

28.    Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's Website Home Page depicting a description of **TUFLEX®** Roundslings.

29.    Attached hereto as Exhibit "C" is a true and correct copy of Plaintiff's Website page where **TUFLEX®** Roundslings are sold and described.

30.    Attached hereto as Exhibit "D" is a true and correct copy of Plaintiff's Website page describing the location of Plaintiff's principal place of business.

31.    Attached hereto as Exhibit "E" is a true and correct copy of Defendant's Certificate of Amendment to the Articles of Incorporation for a Corporate Name Change.

32.    Attached hereto as Exhibit "F" is a true and correct copy of Defendant's Website Home Page.

33.    Attached hereto as Exhibit "G" is a true and correct copy of Defendant's Website page depicting **TUFLEX** heavy duty towing straps.

34.    Attached hereto as Exhibit "H" is a true and correct copy of Defendant's Website page depicting **TUFLEX** extra tie down straps standard stock.

35.    Attached hereto as Exhibit "I" is a true and correct copy of Defendant's Website page depicting and describing **TUFLEX** web slings.

36.    Attached hereto as Exhibit "J" is a true and correct copy of Defendant's Website page describing the location of Defendant's principal place of business.

37.    Attached hereto as Exhibit "K" is a true and correct copy of a Reseller's Website page depicting and describing **TUFLEX** web slings manufactured by Defendant.

38.    Attached hereto as Exhibit "L" is a true and correct copy of Plaintiff's Initial Letter

sent to Defendant requesting Defendant to begin rebranding.

39.     Attached hereto as Exhibits "M(1)-(4)" are true and correct copies of Plaintiff's Second Letter to Defendant requesting Defendant to cease and desist from further use of the **TUFLEX®** mark.

### COUNT I

### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, COUNTERFEITING AND UNFAIR COMPETITION (FEDERAL LANHAM ACT VIOLATION – 15 U.S.C. §§ 1114 AND 1125(A))

40.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 as if set forth fully herein.

41.     Plaintiff's **TUFLEX®** Trademark is individually distinctive and has been used in United States interstate commerce and is well known to the trade and relevant members of the public. That public associates and identifies the **TUFLEX®** Trademark with Plaintiff.

42.     Defendant's conduct in the rendering of goods using identical and infringing Trademarks constitutes false designation of origin or sponsorship and tends to falsely represent that it solvents originate from Plaintiff or that Defendant's goods have been sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff, when they are *not*.

43.     Defendant's conduct is likely to confuse, mislead, and deceive the users/recipients/consumers of Defendant's goods, and members of the public as to the origin of said infringing goods, or cause said persons to believe that those infringing goods or Defendant have been sponsored, approved, authorized, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. §§ 1114 and 1125(a).

44.     Defendant's activities as aforesaid constitute Defendant's use in commerce of Plaintiff's **TUFLEX®** Trademark.

45.     Defendant's actions were and are done willfully with full knowledge of the falsity

6

of such designations of origin and false description or representations, and with the express intent to cause confusion, mislead and deceive the purchasing/consuming public, to trade upon the high-quality reputation of Plaintiff's **TUFLEX®**, and to improperly appropriate the valuable trademark rights of Plaintiff's **TUFLEX®**, all to the detriment of Plaintiff.

46. Defendant's acts as aforesaid constitute false designation of origin, passing off, and false advertising in connection with services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's unauthorized use of **TUFLEX®** Registered Trademark for the same type of goods as those Plaintiff makes is also Trademark Counterfeiting under 15 U.S.C. § 1117(c) and 15 U.S.C. § 1116.

48. Defendant's unauthorized use of marks confusingly similar to Plaintiff's **TUFLEX®** Trademark is greatly and irreparably damaging to Plaintiff in the form of: (a) loss of income; (b) interference with Plaintiff's ability to exploit its own merchandising rights; (c) confusion in the marketplace as to the duly authorized source of goods in conjunction with Plaintiff's **TUFLEX®** Trademark; and (d) impairment of the goodwill Plaintiff has in its **TUFLEX®** Trademark and, if Defendant's unauthorized use is not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the **TUFLEX®** Trademark and to the respective business, reputation, and goodwill of Plaintiff.

49. Plaintiff has no adequate remedy at law, and if Defendant's activities are not enjoined, Plaintiff will suffer irreparable harm and injury as a result thereof.

50. Plaintiff will be further harmed by the fact that it has no control over the quality of the services rendered by Defendant and purchasers/consumers of those services may attribute to Plaintiff any dissatisfaction with the quality of Defendant's goods.

51. Defendant's wrongful acts will continue unless enjoined by this Court.

**PRAYER FOR RELIEF**

52.    WHEREFORE, Plaintiff respectfully requests relief from the Court in the form of:

A.    an Order enjoining Defendant from:

(1)    using the **TUFLEX®** Trademark and any other reproduction or imitation thereof in connection with offering or providing of any products or services not originating with Plaintiff or authorized in writing by Plaintiff;

(2)    using the **TUFLEX®** Trademark and any other reproduction or imitation thereof in connection with offering or providing of any goods or services in any manner likely to cause confusion, to cause a mistake or to deceive the relevant trade and/or public;

(3)    using the **TUFLEX®** Trademark and any other reproduction or imitation thereof in connection with offering or providing of any goods or services, including, but not limited to in any manner so as to dilute the distinctive quality of such mark; committing any acts which may cause purchasers, potential purchasers, and/or the public to believe that Defendant's products or services are Plaintiff's products or services or are sponsored or authorized by Plaintiff;

(4)    committing any acts which may cause purchasers, potential purchasers, and/or the public to believe that Defendant's products or services are Plaintiff's products or services or are sponsored or authorized by Plaintiff;

(5)    committing any acts calculated to cause purchasers, potential purchasers, and/or the public to believe that Defendant is in any way

8

related with/to Plaintiff;

(6)    otherwise competing unfairly with Plaintiff in any manner;

(7)    using or registering any domain name or trademark or trade name which is the same or substantially similar to the **TUFLEX®** Trademark;

(8)    destroying or altering any documents, electronic files, or business records that relate to the copying, reproduction, manufacture, duplication, dissemination, purchase, distribution, marketing, or sale of any products; and

(9)    assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities prohibited by sub-paragraphs (1) through (8) herein above.

B.    An Order requiring Defendant to provide a full accounting of any and all monies received by Defendant from any source from sale of such Infringing/Counterfeit goods.

C.    An Order permitting Plaintiff to take Expedited Discovery to determine the location of and particulars of the following things and turn over same to Plaintiff's Counsel:

(1)    all information; documents, and things that relate, in whole or in part, to Defendant making, distributing, marketing, offering for sale, selling or otherwise dealing in the products bearing/using the Trademark or any marks similar thereto including, without limitation, all e-mails, faxes, notices, correspondence, memoranda, financial records, financial statements, banking records, sales records, computer records, receipts, and invoices, that are or have been in the possession, custody, power, or control of Defendant, whether on Defendant's

9

premises or elsewhere or have been held on Defendant's behalf by any other person, and that relate in whole or in part to such uses by Defendant;

(2)  all computer-information storage systems, including all computers, computer discs, computer tapes, and backups thereof that contain information, relating to the making, distributing, marketing, offering for sale and sale of products bearing/using the Trademark;

(3)  particulars of all cataloging systems, storage systems, access procedures, identification codes, passkey numbers, and any other or similar information necessary to determine the location of or to gain access, including computer access, to all such records;

(4)  all business records, inclusive of all financial documents and correspondence relating to Defendant making, distributing, marketing, offering for sale and selling of all such products or services;

(5)  any and all products/services bearing the Trademark; and

(6)  any and all documents, receipts, records, inventory of the products or services bearing the Trademark.

D.  Plaintiff be awarded monetary damages pursuant to 15 U.S.C. § 1117(a) for Defendant's Trademark Infringement/Counterfeiting/Unfair Competition determined as: (1) Defendant's Profits, (2) any Damages sustained by Plaintiff, (3) the Costs of the action, together with Prejudgment and Post-Judgment Interest, (4) Enhanced Damages, (f) Statutory Damages of $2,000,0000, and (5) Plaintiff's Attorney Fees.

E.  Defendant be required to prepare and send a Notice to each of its active

10

customers/patrons/supporters and each past customers/patrons/supporters to whom they may have sold/advertised goods bearing the infringing Trademark, notifying same that Defendant is not affiliated with or sponsored by Plaintiff, and Plaintiff has the exclusive rights to the use of the Trademarks, and that

F.     Defendant be required to indemnify Plaintiff for all fees and costs and damages incurred in the future due to any and all claims made against Plaintiff as a result of Defendant's Counterfeit/Products.

G.     All other and further relief as the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

/s/ M. Kelly Tillery

Dated: Aug. 12, 2026

_____

M. Kelly Tillery
ktillery@saxtonstump.com
SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Telephone: (215) 796-7246

*Attorney for Plaintiff,*
*Lift-All Company, Inc.*

12

**EXHIBIT A**

Int. Cl.: 22

Prior U.S. Cl.: 7

**United States Patent and Trademark Office**    Reg. No. 1,183,007
Registered Dec. 22, 1981

**TRADEMARK**
**Principal Register**

**TUFLEX**

Lift-All Company, Inc. (Pennsylvania corporation)
Manheim, Pa. 17545

For: HOISTING SLINGS COMPOSED OF ENCASED CONTINUOUS-FILAMENT STRAND MATERIAL, in CLASS 22 (U.S. Cl. 7).
First use Dec. 21, 1979; in commerce Dec. 21, 1979.

Ser. No. 247,088, filed Jan. 21, 1980.

M. E. BODSON, Primary Examiner

CRAIG R. GILBERT, Examiner

13

**EXHIBIT B**

 About   Products ∨   Industries ∨   Resources ∨   Training   Contact ∨   🔍   Find a Distributor   Distributor Login

## ROUNDSLINGS



### THE TUFLEX® DIFFERENCE

What is a *Tuflex* Roundsling?

**All Lift-All® roundslings meet or exceed OSHA and ASME B30.9 standards and regulations**. A *Tuflex* roundsling is an endless synthetic sling made from a continuous loop polyester yarn covered by a double-wall tubular jacket. The synthetic roundsling body can also be compared to sling webbing with the tubular jacket face yarns woven without binder yarns; this allows the core yarns to move independently within the jacket.

**Lift up to 1 million pounds with *Lift-All's* KeyFlex™ Ultra High-Performance roundslings.** *Lift-All* provides a solution for lifting your heaviest loads using the lightest, most flexible, and ergonomic polyester slings available, our high-performance roundslings. DynaFlex™ and *KeyFlex* Roundslings offer peace of mind when lifting your heaviest loads.

The Stage Rigging Roundslings, also part of the high-performance roundsling category, provide solutions for lighting and stage rigging suspension. Whether choosing SteelFlex™ Roundslings with the steel galvanized aircraft cable core or the Black Polyester Stage Slings, you can be ready for curtain call with *Lift-All* stage rigging roundslings.

📄 **Download our Roundslings catalog**    🏠 **Find a Distributor**

14

**EXHIBIT C**



**EXHIBIT D**



**Location & Contact**

1909 McFarland Drive
Landisville, PA 17538

**800-909-1964**

customerservice@lift-all.com

**Quick Links**

About Us | Products | Resources | News | Training | Contact

Catalog | Employment | Privacy Policy | Review Us

PROUD MEMBERS OF

    

© 2026 *Lift-All®* | All Rights Reserved

16

**EXHIBIT E**



**STATE OF MICHIGAN**
**CSCL/CD- 515 - CERTIFICATE OF AMENDMENT TO**
**THE ARTICLES OF INCORPORATION**

28638858

Corporations Division Administrator

**FILED**

Doc #: 28638858
Filed Date: 7/2/2026

C0802-1894    07/01/2026 Received by Michigan Corporations Division

| Certificate of Amendment to the Articles of Incorporation for use by Domestic Profit and Nonprofit Corporations | |
|---|---|
| Pursuant to the provisions of Act 284, Public Acts of 1972, (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigned executes the following Certificate: | |

| Corporation Information | |
|---|---|
| The present name of the corporation is: | F.D. LAKE COMPANY |
| The identification number assigned by the Bureau is: | 800137065 |
| Corporation Type: | Domestic Profit Corporation |

| Article I | |
|---|---|
| Michigan Profit Corporation Name: | CARLSEN - LAKE, INC. |

| Optional Article(s) | |
|---|---|
| This space is intentionally left blank. | |

| Filing Effective Date | |
|---|---|
| The filing will be effective: | when filed by the Corporations Division Administrator. |

| Shareholder or Board Approval | |
|---|---|
| The foregoing amendment to the Articles of Incorporation proposed by the board was duly adopted on: | 07/01/2026 |
| The amendment was adopted by: | written consent of all the shareholders entitled to vote in accordance with Section 407(2) of the Act. |

Attestations

☒ I understand that the information I enter into the online system is public information and will appear online and on copy requests exactly as I enter it into the system.

☒ I have been authorized by the business entity to file this document online.

☒ I, HEREBY SWEAR AND/OR AFFIRM, under penalty of law, including criminal prosecution, that the facts contained in this document are true. I certify that I am signing this document as the person(s) whose signature is required, or as an agent of the person(s) whose signature is required, who has authorized me to place his/her signature on this document.

Signature(s)

| *Authorized Agent* | *FD Lake Company* | *Andrew L. Rassi* | *07/01/2026* |
|---|---|---|---|
| Signer's Capacity | On behalf of | Sign Here | Date |

17

**EXHIBIT F**



**EXHIBIT G**



19

# EXHIBIT H



| Stock No. | RBA Size | Working Load Limit (lbs.) | Buckle | Hook | Webbing |
|---|---|---|---|---|---|
| 66970 | 2 in. x 27 ft. | 4,400 | 2" Ratchet | 2" Flat Hooks | Tuflex Extra Monster Edge Polyester |
| 66971 | 2 in. x 27 ft. | 4,400 | 2" Ratchet | 2" Chain Anchors | Tuflex Extra Monster Edge Polyester |

Can't Find a product that you are looking for, or that you ordered from us before?  CLICK HERE

| 616-241-5639 | 800-442-9189 | FAX  616-241-5638 |
| 3313 Lousma Dr. SE | PO Box 8831 | Grand Rapids, MI 49548 |
| | Back to Top | |

**EXHIBIT I**



## EXHIBIT J



# EXHIBIT K



## **EXHIBIT L**

F.D. Lake
3313 Lousma Dr. SE
Grand Rapids, Michigan  49548

Hello:

My name is Steve O'Donnell and I represent Lift-All Company, Inc. of Landisville, Pennsylvania. Lift-All is the owner of US trademark #1183007 for TUFLEX for hoisting slings. That trademark was issued in 1981 and has been used by Lift-All since at least December 1979. Over the last 45+ years, Lift-All has devoted significant resources to promote and protect its trademark.

Recently, a customer of ours showed us a TUFLEX-branded sling that was not ours. A little investigation revealed that the sling came from F.D. Lake.

We assume this infringement is innocent. It is a pretty good name for something tough and flexible, and we're not surprised someone else thought of it too. But, we do have the exclusive legal right to use that name with our products and we need to protect that.

We're reasonable. We're not demanding payment or that you immediately cease and desist using TUFLEX; we simply want you to begin the process of rebranding. It should be easy to make a small change to your website to announce your product rebrand. Whatever hard copies you have, like advertising or catalogs, can be used, as long as you use a different name when you reorder. Similarly, we don't expect you to replace the tags on your existing stock; just use a different name when you reorder or reprint.

Please confirm by Christmas that you'll be transitioning from TUFLEX and give us an estimate of how long it will take to sell off your currently branded stock.

Surprisingly, we've heard that we may already have an agreement about the name. We cannot locate such a document or anyone who remembers it. If you have a copy, please forward it. Otherwise, we will have to assume it never existed and was merely misremembered.

Steve O'Donnell, Ph.D.
Saxton & Stump
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
sodonnell@saxtonstump.com
717-556-1032

24

**EXHIBIT M(1)**



280 Granite Run Drive, Suite 300 ◦ Lancaster, PA 17601
P: (717) 556-1000 ◦ F: (717) 441-3810

Direct Dial:    717-556-1032
Email: sodonnell@saxtonstump.com

March 24, 2026

**VIA FEDERAL EXPRESS**

Gar Knight
F.D. Lake Co.
3313 Lousma Dr SE
Grand Rapids, MI, 49548

Re:  Infringement of Trademark Owned by Lift-All Company, Inc

Mr. Knight:

As you know, my firm represents Lift-All Company, Inc ("Lift-All") in its intellectual property matters.

Lift-All owns U.S. Trademark Registration No. 1,183,007 for the mark "TUFLEX" (the "Mark") in connection with hoisting slings composed of encased continuous-filament strand material in International Class 022. Lift-All has used the Mark continuously in commerce in the United States since at least as early as December 21, 1979. Over more than four decades of consistent use, promotion, and maintenance of high product quality, the Mark has become closely associated in consumers' minds with Lift-All as the source of these goods and has acquired substantial goodwill. As a result of this longstanding and exclusive use, the Mark is widely recognized in the marketplace, is closely identified with Lift-All, and embodies significant and valuable commercial goodwill.

Late last year, we were notified by a customer that F.D. Lake was also selling a TUFLEX-branded product. Last December, I sent a letter to F.D. Lake concerning this infringement and asked F.D. Lake to stop using the mark. I didn't demand an instant cease and desist of F.D. Lake's use of the mark and didn't demand damages. Indeed, as I wrote, we assumed the infringement was innocent.

Philadelphia, PA ◦ Lancaster, PA ◦ Harrisburg, PA ◦ Malvern, PA
saxtonstump.com

25

**EXHIBIT K(2)**



When you called on December 16 to discuss the matter, I initially assumed you would apologize for the innocent mistake, and we would discuss a reasonable timeline that would let you rebrand without significant disruption.

I was quite surprised that, instead of doing that, you said you had talked to your lawyers and were told you didn't have to change the name. You also noted that there was some agreement between F.D. Lake and Lift-All that permitted the continued use. And that this comes up from time to time when Lift-All's management changes.

Lift-All can find no evidence of this agreement. Since I would have expected you to present us with such an agreement if it existed, I must conclude this is inaccurate. If you have such an agreeement, please provide a copy.

Your statements to me about this being a known issue are interesting, as they suggest we were wrong and that this isn't simply innocent infringement.

26

## EXHIBIT M(3)

F.D. Lake's continued use of TUFLEX is likely to cause substantial confusion in the marketplace. As such, your use *at least* constitutes Trademark Infringement and Unfair Competition under Federal Law. Since you knew Lift-All's Trademark Rights and yet proceeded to use and continue to use the infringing mark, said use is willful under law.

Under all the circumstances, Lift-All is entitled under Federal Law to seek and secure in the United States District Court the following relief:

1. Preliminary and Permanent Injunction;

2. Monetary Damages (Disgorgement of Profits and Actual Damages);

3. Potential Enhanced Monetary Damages (up to three times #2);

4. Attorney's Fees and Costs; and

5. Corrective Advertising.

Additionally, F.D. Lake's infringement constitutes Federal Trademark Infringement and Counterfeiting, which provides for legal fees and costs without having to prove the infringement was "exceptional" and which provides for statutory damages up to $2,000,000.

Lift-All is committed to enforcing its trademark rights against infringers through all appropriate legal means. However, under the circumstances, Lift-All is still willing to resolve this matter quickly and amicably, provided that F.D. Lake commits to cooperate fully with Lift-All and establish to Lift-All's satisfaction that this was an error of judgment on F.D. Lake's part, a significant error of judgment, but an error nonetheless, and not a systematic effort to profit from, or devalue, Lift-All's intellectual property.

Lift-All therefore demands F.D. Lake immediately:

1. Cease and desist from all further use of the TUFLEX mark and any other designations likely to cause confusion with, or dilution of, the Mark;

2. Destroy any materials in your possession or control bearing any designation likely to cause confusion with or dilution of the Mark;

3. Provide Lift-All with sufficient information to determine the full amount of F.D. Lake's gross revenues and profits derived from its use of the infringing mark; and

4. Abandon all pending applications to register and voluntarily cancel all existing USPTO or state registrations for the TUFLEX mark, if any.

27

**EXHIBIT M(4)**

Lift-All further demands that you provide, by no later than the close of business on April 15, 2026 written confirmation that you will comply with these demands. You are specifically advised that any failure or delay in complying with these demands will likely compound the damages for which you may be liable. If Lift-All does not receive a satisfactory and timely response, Lift-All is prepared to take all steps necessary to protect its valuable intellectual property rights, without further notice to you.

The above is not an exhaustive statement of all the relevant facts and law. Lift-All expressly reserves all of its legal and equitable rights and remedies, including the right to seek injunctive relief and recover monetary damages.

If F.D. Lake does not wish to comply with our demands, we request you provide whether you are willing to accept service via email because that will be our next communication.

We look forward to hearing from your counsel.

Sincerely yours,

Steve O'Donnell
Intellectual Property Litigation Counsel for
Lift-All Company, Inc.

cc:    Melissa Light, President, Lift-All Company Inc.

28